Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1219917)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
         Telephone: (213) 894-4983
         Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                  Plaintiff,<br><br>            v.<br><br>**TOPIA CASUAL, INC., doing business as<br>    TOPIA CASUAL and ALL ABOUT ME,**<br><br>                  Defendant. | Case No.: CV 13-06106-GAF (FFMx)<br><br><br><br><br>**CONSENT JUDGMENT** |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant Topia Casual, Inc. doing business as Topia Casual and All About Me, a California corporation ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Judgment in accordance herewith:

   A.    The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA");

   B.    The Defendant has appeared by counsel and acknowledges receipt of a copy

1 of the Secretary's Complaint;

2     C.     The Defendant waives issuance and service of process and waives answer
3 and any defenses to the Secretary's Complaint;

4     D.     The Secretary and Defendant waive Findings of Fact and Conclusions of
5 Law, and agree to the entry of this Consent Judgment in settlement of this action, with-
6 out further contest;

7     E.     The Defendant admits that the Court has jurisdiction over the parties and
8 subject matter of this civil action and that venue lies in the Central District of California.

## FACTUAL BACKGROUND

10     F.     Defendant is a garment manufacturer that contracts with independent gar-
11 ment factories who work on the textiles and designs supplied by the Defendant. The
12 work subcontracted to these independent garment factories ("garment contractors") in-
13 clude the sewing, cutting, printing and finishing of the garments. Once all of the gar-
14 ment contractors conclude their portion of the work on the Defendant's goods, those
15 goods are shipped to Defendant or Defendant's retail customers, for sale in commerce.
16 Under the FLSA's "Hot Goods" provision, 29 U.S.C. § 215(a)(1), all persons are prohib-
17 ited from introducing into commerce goods that have been worked on employees who
18 were not paid the wages required under the FLSA. Prior to the instant matter, investiga-
19 tions conducted by the Wage and Hour Division, U.S. Department of Labor ("Wage and
20 Hour") have disclosed circumstances in which the hot goods provision was violated.

21     G.     During the period of December 4, 2010 – March 14, 2011, sewing contrac-
22 tor GQD, Inc. also known as CYS, Inc., located at 1206 S. Maple Avenue, #766, Los
23 Angeles, CA 90015, employed employees in and about its place of business in produc-
24 ing, handling, or working on goods a substantial portion of which was shipped, delivered
25 or sold to places outside the State of California with knowledge or reason to believe that
26 shipment, delivery or sale to places outside of California was intended. Its employees, by
27 reason of their employment, were engaged in commerce or in the production of goods
28 for commerce within the meaning of the FLSA;

**Consent Judgment** (Sol #1219917)                                                                                          **Page 2 of 20**

      i. During the period of December 4, 2010 – March 14, 2011, GQD, Inc. also known as CYS, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of $ 7.25 per hour;

      ii. During the period of December 4, 2010 – March 14, 2011, GQD, Inc. also known as CYS, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

      iii. During the period of December 4, 2010 – March 14, 2011, Defendant violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1) (the "hot goods" provision), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of GQD, Inc. also known as CYS, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

H. During the period of March 1, 2009 – July 11, 2009, sewing contractor Lime Design, Inc. located at 915 E. 31st Street, Los Angeles, CA 90011, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

      i. During the period of March 1, 2009 – July 11, 2009, Lime Design, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and

215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of $ 7.25 per hour;

    ii. During the period of March 1, 2009 – July 11, 2009, Lime Design, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

    iii. During the period of March 1, 2009 – July 11, 2009, Defendant violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of Lime Design, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

G. During the period of May 20, 2007 – June 19, 2009, sewing contractor EG & KY, Inc. located at 3804 S. Main Street, Los Angeles, CA 90037 employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

    i. During the period of May 20, 2007 – June 19, 2009, EG & KY, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of $ 7.25 per hour;

    ii. During the period of May 20, 2007 – June 19, 2009, EG & KY, Inc. vi-

olated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

   iii. During the period of May 20, 2007 – June 19, 2009, Defendant violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of EG & KY, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

  It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

  ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with it who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

  1) Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or its' contractors) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

  2) Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of E & F Fashion, Inc. who were not paid the minimum wage and overtime required by the FLSA,

29 U.S.C. §§ 206 and/or 207, an amount sufficient to cover the back wages due to these employees under the FLSA.  The amount hereby found due to these employees is $17,983.30 for the period from August 31, 2011 through June 24, 2013.  The attached Exhibit A shows the names of each employee of E & F Fashion, Inc., the period of employment covered by this Consent Judgment, and the gross backwage amount due to the employee.

Defendant has delivered the amounts due under this Judgment, totaling $17,983.30, to representatives of the Secretary of Labor.  The Secretary shall allocate and distribute the remittances, or the proceeds thereof, after deducting the amount of legal deductions and forwarding them to the appropriate agencies, to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within three (3) years from the date of deposit by the Secretary, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

4)    Within 30 days of the entry of this Judgment, Defendant shall hire an independent third party monitor, acceptable to the Secretary, to monitor all of its sewing contractors (hereafter "contractor(s)") to enforce the contractors' compliance with the FLSA.  The monitor shall not be considered independent if it represents either the manufacturer or contractor involved in this action in any dealings with other parties or the Department of Labor.

The monitoring program shall include the following components:

  A.    Random and unannounced site visits to each contractor, at least on a quarterly basis;

  B.    Review of each contractor's timecards and payroll records on at least a quarterly basis;

   C. Private and confidential interviews of at least 20% of each contractor's current employees to determine the hours they work and the wages they are paid. The names of the employees who are interviewed shall not be disclosed to the contractor. At least one half of the interviews shall be done off work premises;

   D. Disclosure to the contractor and Defendant of any FLSA compliance issues revealed by the monitoring without revealing the names of employees who provided the information;

   E. Review of the contractor's garment registration to determine if the contractor is operating under a valid garment registration;

   F. No adverse action may be taken against any employee who cooperates with the monitor or who provides information about violations of the FLSA.

 The monitor shall produce written reports of its findings which must address each of the subjects required under this paragraph to Defendant on a quarterly basis. Defendant shall maintain these reports for a period of three (3) years and supply copies to representatives of the Secretary of Labor upon their request. The Secretary may distribute these reports to interested parties, upon their request, in his sole discretion.

 5) Where the monitor identifies FLSA violations at a contractor's establishment, Defendant shall ensure that such violations are corrected within ten (10) business days, including calculation and payment to employees of any backwages owed. Defendant shall notify the Department of Labor when such violations are found and the corrective measures taken. Defendant shall send a letter to the District Director, Wage and Hour Division, 915 Wilshire Boulevard, Suite 960, LA, CA 90017 identifying the violations, the backwages that were paid and with copies of the payments made to employees at the time payment was made.

 6) To ensure that its contractors pay employees the wage rates required by the FLSA, Defendant shall discuss the following subjects with the owner or top management official of all contractors with whom it does business in order to assess the contractor's willingness and ability to understand and comply with the FLSA prior to entering into

any agreement with the contractor for its services and on a quarterly basis thereafter. Defendant shall maintain for a period of three (3) years documentation showing that these subjects have been discussed and produce this documentation to representatives of the Secretary of Labor upon their request:

  A. The terms of the FLSA, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

  B. How to calculate overtime when employees are paid on a piece rate basis. The attached Exhibit B contains examples of minimum wage and overtime calculations;

  C. Whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

  D. The contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

  E. The contractor's obligation to inform Defendant immediately whenever the contractor is unable to meet any requirement of the FLSA;

  F. The contractor's obligation to maintain true and accurate payroll records, and records of hours worked by all persons who work on goods produced for the Defendant;

  G. The contractor's obligation to cooperate with the monitor.

7) Defendant shall notify its contractors that it shall not conduct business with any contractor who is unwilling or unable to comply with the FLSA and the terms of this Judgment, or who takes any adverse action or retaliates against any employee for cooperating with the monitor or reporting violations of the FLSA;

8) Defendant shall require its contractors with whom it does business to maintain true and accurate time and payroll records and produce copies of them to the Defendant on a regular basis as follows:

  A. The contractors must maintain true and accurate time and payroll records that include all of the employees that perform work for it, regardless of whether they are paid in cash or by check;

  B. All garment contractors who pay their employees on a piece rate basis must maintain the piece tickets on which the employees' pay is based for a period of two years;

  C. All garment contractors must maintain at least two (2) years worth of all time and payroll records, including supporting documentation, on the premises of the contractors' establishments. Supporting documentation includes, for employees paid on a piece rate basis, the piece tickets on which the employee pay is based;

  D. Defendant shall obtain written confirmation from all of its garment contractors that they shall maintain the time and payroll records required by this paragraph at their establishment and produce these records to representatives of the Department of Labor upon their request;

  E. Defendant shall require all garment contractors with whom it does business to submit a copy of these records to Defendant no later than one month after the period worked as reflected on the records; i.e., the contractor must submit the records for workweek ending 9/01/12 no later than 10/01/12.

9) To assess the contractor's compliance with the FLSA, Defendant shall review the contractor's time and payroll records at reasonable intervals, but no more than once a month, in light of the production requirements of the goods that the contractor is producing for Defendant. Defendant shall conduct this analysis as frequently as necessary to ensure the contractor's compliance with the FLSA, shall document this analysis when it is done, maintain records of this analysis for two (2) years and provide copies of it to representatives of the Secretary of Labor upon their request. Further, Defendant shall maintain copies of the contractor's time and payroll records for a period of three (3) years, and shall produce these records to representatives of the Secretary of Labor upon

1  their request;

2      10)    Defendant shall require all contractors with whom it does business, who are
3  subject to the garment registration requirements of the State of California, to maintain a
4  valid garment registration.  Defendant shall not do business with any garment contractor
5  without a valid registration;

6      11)    Defendant shall maintain for a period of three years copies of all production
7  records related to their sewing contractors and supply copies of these records to repre-
8  sentatives of the Secretary of Labor upon their request;

9      12)    Defendant shall maintain records of all shipments made to retailers for at
10 least three years from the date the shipment was made and supply copies of these records
11 to representatives of the Secretary of Labor upon their request;

12     13)    Defendant shall supply all of its contractors with copies of the attached Ex-
13 hibit B regarding overtime calculations and Exhibit C which summarizes terms of this
14 Judgment and the employees' rights under the FLSA.  The English, Spanish and Korean
15 versions are attached.   Defendant shall ensure that its contractors distribute a copy of
16 Exhibits B and C to each of their current employees within thirty (30) days of entry of
17 this Judgment, in the employees' native languages, provide copies to all new hires, and
18 post a copy at each of its contractor's establishments;

19     14)    Defendant shall maintain records of all complaints it receives from employ-
20 ees of its contractors and produce them to representatives of the Secretary of Labor upon
21 their request; and it is further

22     ORDERED that each party shall bear its own fees and other expenses incurred by
23 such party in connection with any stage of this proceeding, including but not limited to
24 attorneys' fees, which may be available under the Equal Access to Justice Act, as
25 amended; and, it is further
26 / / /
27 / / /
28 / / /

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: August 29, 2013

*[signature: Gary Feess]*

JS-6

_____
U.S. DISTRICT COURT JUDGE

For the Defendant:
The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____         _____
    Kevin Ryu                                                               Date
Its: _____
    Owner

Attorneys for the Defendant

Law Offices of S. Calvin Myung

_____   _____
MR. S. CALVIN MYUNG, Esq.                                          Date
Law Offices of S. Calvin Myung
3700 Wilshire Boulevard, Ste. 500
Los Angeles, CA  90010

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK

Associate Regional Solicitor

_____          _____
SUSAN SELETSKY, Attorney                Date
Attorneys for the Plaintiff
U.S. Department of Labor

Exhibit A

| Last Name | First Name | Start Date | End Date | Gross Due |
|---|---|---|---|---|
| Alvaro | Juan Perez | 3/25/2013 | 6/25/2013 | $ 1,623.96 |
| Cotiy | Manuel Lopez | 3/25/2013 | 6/25/2013 | $ 310.46 |
| Gomez | Esperanza | 3/25/2013 | 6/25/2013 | $ 747.04 |
| Gonzalez | Felicia | 3/25/2013 | 6/25/2013 | $ 3,059.22 |
| Hernandez | Fernando | 3/25/2013 | 6/25/2013 | $ 322.02 |
| Hernandez | Ruben | 3/25/2013 | 6/25/2013 | $ 1,632.26 |
| Lopez | Miguel | 3/25/2013 | 6/25/2013 | $ 20.03 |
| Lopez | Byron | 3/25/2013 | 6/25/2013 | $ 1,026.92 |
| Maldonado | Pedro | 3/25/2013 | 6/25/2013 | $ 1,026.92 |
| Manuel | Barbara | 3/25/2013 | 6/25/2013 | $ 334.88 |
| Miranda | Marta | 3/25/2013 | 6/25/2013 | $ 1,957.77 |
| Paxtor | Sara | 3/25/2013 | 6/25/2013 | $ 1,815.02 |
| Paxtor | Edgar | 3/25/2013 | 6/25/2013 | $ 1,047.57 |
| Salmeron | Maria | 3/25/2013 | 6/25/2013 | $ 3,059.22 |

<u>Exhibit B</u>

Computing minimum wage and overtime on piecework:

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours

$200 / 40 hours = $5.00 per hour

Difference = $8.00 (Calif. Minimum Wage) - $5.00 = $3.00 per hour (underpaid)

*$3.00 per hour x 40 hours = $120.00 minimum wage due*

**Example 2:**

Employee B produced $425.00 in piecework and worked 50 hours

$425 / 50 hours = $8.50 per hour

$8.50 per hour x 0.5 (half time) = $4.25 per hour due for OT hours

*$4.25 x 10 hours = $42.50 in overtime premium due*

**Example 3:**

Employee C produced $365.00 in piecework and worked 50 hours

$365 / 50 hours = $7.30 per hour

Difference in Reg. Rate = $8.00 (State minimum wage) - $7.30 = $.70 per hour

$.70 x 50 hours = $35.00 in regular rate due

$8.00 x 0.5 (half time) x 10 hours of OT = $40.00 in overtime premium due

**Total Due: $35.00 in regular rate and $40.00 in overtime premium - $75.00**

Exhibit B

**Como computar el sueldo mínimo y el tiempo y medio (overtime) para los trabajadores que ganan por pieza.**

**Ejemplo No. 1:**

El empleado A hizo $200.00 en trabajo de piezas y trabajo 40 horas.

- $200.00 / 40 horas = $5.00 por hora
- La diferencia es: $8.00 (sueldo mínimo por hora en California) - $5.00 = $3.00 por hora. $3.00 por hora es lo que se le debe a esta persona.

**Total: $3.00 por hora x 40 horas = $120.00 que se le debe al empleado por sueldo mínimo.**

_____

**Ejemplo No. 2:**

El empleado B hizo $425.00 en trabajo de piezas y trabajo 50 horas.

- $425.00 / 50 horas = $8.50 por hora
- $8.50 por hora **x** 0.5 (la mitad) = $4.25 que se debe por hora por cada hora de tiempo extra (overtime).
- **Total: $4.25 por hora x 10 horas = $42.50 que se le debe al empleado por tiempo extra (overtime).**

**Ejemplo No. 3:**

El empleado C hizo $365.00 en trabajo de piezas y trabajo 50 horas.

- $365.00 / 50 horas = $7.30 por hora
- La diferencia en Salario Regular es: $8.00 (sueldo mínimo por hora en California) - $7.30 = $0.70 que se le debe al empleado por cada hora $0.70 x 50 horas = $35.00 es lo que se debe en Salario Regular.
- $8.00 por hora **x** 0.5 (la mitad) **x** 10 horas extras (overtime) = $40.00 que se le debe al empleado por tiempo extra (overtime).
- **Total: $35.00 en Salario Regular y $40.00 por tiempo extra (overtime) = $75.00.**

## 증거서류 B

작업량에 따라 최소임금과 오버타임을 계산하는 방법은 다음과 같습니다.

**예시1:**

직원A는 40시간을 일하여 $ 200 만큼의 작업량을 달성했습니다.

$ 200 을 40시간으로 나누면, 200 / 40 = 시간당 $ 5이 됩니다.

$ 8 (캘리포니아 주 시간당 최소임금) - $ 5 = 시간당 $3 만큼 임금을 받지 못한 것입니다.

**따라서 시간당 임금차이 $ 3 $x$ 40 시간 = $ 120 의 미지불임금을 받을 수 있습니다.**

**예시 2:**

직원 B는 50시간을 일하여 $ 425 만큼의 작업량을 달성했습니다.

$ 425 을 50시간으로 나누면 425/50 = 시간당 $ 8.50 이 됩니다.

초과수당 시급은 시간당 $ 8.50 $x$ 0.5 (해프타임) = 시간당 $ 4.25 입니다.

**따라서 오버타임 임금으로 $ 4.25 $x$ 10 시간 = $ 42.50 을 지급 받을 수 있습니다.**

**예시 3:**

직원 C는 50시간을 일하여 $ 365 만큼의 작업량을 달성했습니다.

$ 365 을 50시간으로 나누면 365 / 50 = 시간당 $ 7.30 이 됩니다.

정규 시급 차이는 $ 8 (캘리포니아 주 시간당 최소임금) - $ 7.30 = 시간당

$ 0.70 입니다.

$ 0.70 x 50 시간 = $ 35 의 정규 임금이 더 지불되어야 합니다.

$ 8.00 x 0.5 (해프타임) *x* 오버타임 10시간 = $ 40 의 오버타임 임금이 지불되어야 합니다 .

**따라서 $ 35의 정규 임금과 $ 40의 오버타임 임금을 합쳐 총액 $ 75의 미지불임금을 받을 수 있습니다.**

Exhibit C
## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Topia Casual**, a garment manufacturer, from shipping goods sewn for its label on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

**Consent Judgment** (Sol #1219917)                                                  **Page  17 of 20**

**Topia Casual wants to know if you are not being paid in accordance with the law.** All employees who work in this establishment can help **Topia Casual** not to violate the Court's Order. You can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 or Topia at (213) 747-2919. Your name will not be disclosed.

### NOTICIA LEGAL A TODOS LOS EMPLEADOS

La Ley de **Norma Justas de Trabajo** determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen. A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada. Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **Topia Casual**, una fábrica de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la **Ley de Norma Justas de Trabajo**.

**Topia Casual** quiere saber si no se les esta pagando adecuadamente a fin de cumplir con la orden de la Corte.  Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (213) 894-6375 o a **Topia Casual** al número **(213) 747-2919**.  Su nombre se mantendrá confidencial.

# 모든 직원에게 법적 공지문

1
2
3  미연방의 공정 근로 기준법은 모든 직원들이 노동 시간에 따라
4  최소 임금을 받을 수있도록 규정하고 있습니다.
5
6  그리고 또한, 일주일에 40 시간 이상 근무하였을때 초과 시간에 1.5
7  배의 오버타임 (초과 근무 수당) 임금을 지급하게 규정하고
8  있습니다.
9
10  모든 직원은 40 시간 초과 근무했을 때, 시간제 임금을 받거나 생산
11  성과에 따라 임금을 받는것에 상관없이 초과 근무 수당을 지급받을
12  수 있습니다.
13
14  노동청이 제소한 소송을 해결하기 위해 미 연방 지역 법원은 공정
15  근로 기준법에 의해 의무화된 최소 임금이나 초과 근무 수당을
16  직원에게 지불하지 않은 물품을 의류 제조 업체인 **Topia Casual** 가
17  발송하지 못하게 명령하였습니다.
18
19  이 공장에서 일하는 모든 직원은 **Topia Casual**
20  법정 명령을 준수 할수 있게 도을 수 있습니다.
21
22  법에 따른 임금을 받고 있지 않다고 생각하신다면 지금
23  **Topia Casual (213) 747-2919** 전화 하십시오.
24
25  아니면, 미연방 노동청, 임금과 시간 부처로 (213) 894-6375 전화
26  하십시오.
27
28  당신의 이름은 비밀로 보장됩니다.

**Consent Judgment** (Sol #1219917)                                   Page  20 of 20